BLD-076                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2835
_____

KAREEM BLOUNT,
                                        Appellant

v.

B. MASON, Superintendent SCI-Mahanoy; HEENAN, Unit Manager;
L. WHITE; STETLER, Deputy Superintendent;
ZACHARY MOSLAK, Chief Hearing Examiner

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-00056)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2024

Before:  BIBAS, MATEY, and CHUNG, Circuit Judges

(Opinion filed: March 11, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Kareem Blount appeals from the District Court's grant of summary judgment in favor of the Defendants in an action brought pursuant to 42 U.S.C. § 1983. Because we conclude that no substantial question is presented on appeal, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

We write primarily for the parties, so we will recite only the facts necessary for our discussion. On April 28, 2021, Blount, who was then confined at the Mahanoy State Correctional Institution ("SCI-Mahanoy"), received a misconduct report for assault and, as a result, was placed in the Restricted Housing Unit ("RHU"). Following a unanimous staff vote and approval, on September 22, 2021, he was then placed on the Restricted Release List ("RRL") due to his "extensive history of assaultive behavior towards inmates and staff and presentation of an overall threat to the orderly operation of any facility." Defendants' Statement of Facts and Exhibits in Support of Summary Judgment ("Def. SOF"), Dkt No. 27-2, at 2. Placement on the RRL meant that he was "restricted from release from [Administrative Custody ("AC")] status without the prior approval of the Secretary/designee." Def. SOF, Dkt No. 27-3, at 23.

In January 2022, Blount, who is now confined at the Greene State Correctional Institution in Waynesburg, Pennsylvania, initiated this civil rights suit based on the events that took place at SCI-Mahanoy. He later filed an Amended Complaint which included Eighth Amendment and Fourteenth Amendment claims based on his prolonged isolation

2

in the RHU and placement on the RRL, against several SCI-Mahanoy employees. Specifically, Blount alleged that placing him in the RHU had a "punitive effect," that prolonged isolation may result in the development of serious mental illness and psychiatric decompensation, and that the "combination of dehumanizing conditions may lead to an extreme form of isolation manifestly at odds with the 8th Amendment." Amended Complaint ("Am. Compl."), Dkt No. 14, at 2–3.

Defendants moved for summary judgment and Blount responded in opposition. On September 26, 2023, the District Court granted Defendants' motion for summary judgment, denied Blount's request to file a second amended complaint, and entered judgment in favor of all Defendants. Blount appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We review the denial of Blount's motion to file a second amended complaint for abuse of discretion. Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

### III.

We agree with the District Court's disposition of Blount's claims. We begin by addressing Blount's Eighth Amendment claim. "To determine whether prison officials have violated the Eighth Amendment, we apply a two-prong test: (1) the deprivation must be objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities; and (2) the prison official must have been deliberate[ly] indifferen[t] to inmate health or safety." Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (alterations in original) (internal quotation marks and citation omitted).

While Blount's allegations fail to precisely describe his Eighth Amendment claim, it appears to arise out of his placement in the RHU and on the RRL. However, such confinement does not, standing alone, constitute cruel and unusual punishment. See Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992) (explaining that "[s]egregated detention is not cruel and unusual punishment per se, as long as the conditions of confinement are not foul, inhuman or totally without penological justification"), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000); see also Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). Blount has not pointed to any evidence to suggest that he was denied the minimal civilized measure of life's necessities. While Blount included allegations in his Amended Complaint that prolonged confinement in

4

restricted housing poses a risk of the denial of adequate medical care and a risk of developing mental illness and psychiatric decompensation, he has not asserted, let alone demonstrated, that he has suffered any of these injuries. See Am. Compl., Dkt No. 14, at 2–3. Notably, Blount has indicated that he has not been diagnosed with any mental illness. Id. For these reasons, Blount has not satisfied the first prong of an Eighth Amendment claim.

Even if he had, we agree with the District Court that no genuine issue of material fact exists regarding the subjective second prong. Blount failed to point to any record evidence to contradict the Defendants' evidence that his confinement was due to a pattern of violent behavior, including four misconducts for assault, six misconducts for fighting, and twelve separations which involved violent and/or assaulting behavior. Def. SOF, Dkt No. 27, at 4 ¶ 12; see Porter, 974 F.3d at 446 (explaining that "[i]n evaluating the subjective prong of the Eighth Amendment test, we may . . . consider whether officials had a legitimate penological purpose behind their conduct," such as whether defendants "offered any evidence about the risk that [the plaintiff] specifically poses") (internal quotation marks and citation omitted); see also Williams v. Borough of W. Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989) (noting that a nonmoving party "cannot simply reassert factually unsupported allegations" to overcome summary judgment).[1]

_____

[1] Although Blount asserted in his brief in opposition to summary judgment that Defendants disregarded his pleas to protect him by allowing him to keep his single cell status—apparently asserting a failure-to-protect claim—this claim is not set forth in his Amended Complaint. Because a party may not amend its complaint through its brief,

Next, Blount claims that placement in the RHU and on the RRL violated his Fourteenth Amendment right to due process. However, changes in prison conditions do not trigger procedural due process rights unless they result in an atypical or significant hardship. Sandin v. Conner, 515 U.S. 472, 484 (1995). As the District Court noted, it appears that Blount was housed in the RHU for a total of approximately eight months. This confinement, by itself, is insufficient to create a liberty interest and therefore implicate due process. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months in disciplinary confinement did not implicate a liberty interest); Griffin, 112 F.3d at 706–07 (confinement in administrative custody for fifteen months not atypical or significant deprivation sufficient for a liberty interest). Blount has failed to point to any additional evidence to demonstrate that his confinement in the RHU imposed an atypical and significant hardship on him. See Sandin, 515 U.S. at 484.

To the extent that Blount's due process claim is based on his placement on the RRL, we agree with the District Court that such placement does not implicate a constitutionally protected due process right.[2]

---

Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988), these assertions play no role in our analysis.

[2] In his brief in opposition to summary judgment, Blount argued that his due process rights were violated when he was denied the right to appeal his RRL status. We do not consider this claim because parties may not amend their pleadings in a brief. PepsiCo, 836 F.2d at 181.

Finally, we conclude that the District Court did not abuse its discretion in denying Blount the opportunity to file a second amended complaint.

For these reasons, we will summarily affirm the District Court's judgment.

7